Good morning, Your Honors, and may it please the Court. My name is Lauren Klein, and I, along with Carter White, Lawrence Masson, and the UC Davis Civil Rights Clinic, represent the appellant, Mr. Juan Carlos Valadez Lopez. We are here today because the District Court adopted an overly formalistic view of Rule 15 and an equally legalistic interpretation of the summary judgment record. In order to allow these claims to properly proceed on their merits, the decision of the lower court should be overturned for two reasons. First, the dismissal of claims against the United States should be reversed because the spirit of Rule 15, the text of the Federal Tort Claims Act, as well as the controlling precedent all strongly suggest that the claim should be allowed to proceed. And second, the motions for summary judgment granted in favor of the Yolo County defendants should be overturned because the plaintiff has adequately pled a Monell claim and genuine issues of material fact still exist. First to the claims against the United States. The District Court dismissed the claims against the United States for lack of subject matter jurisdiction as a result of failure to adequately exhaust administrative remedies. This dismissal occurred, however, because the District Court applied Rule 15's relation-backed doctrine, which in this case was an error. Rule 15's relation-backed doctrine was designed to aid plaintiffs in avoiding their claims being barred by a statute of limitations. In other words, to help plaintiffs get their adequate claims into court and get their claims heard rather than being caught in a pleading trap. Applying relation-back in this case does quite the opposite. It traps the plaintiff in a pleading trap and denies him the opportunity to have his claims heard in court. The District Court, however, applied the relation-backed doctrine, seeming to assume that blanket application is appropriate. However, the fact that several courts, including this court and the Supreme Court, have specifically addressed situations in which relation-back should not apply, strongly suggests that a blanket application of relation-back is inappropriate. For example, this court in Lewis v. Lewis held that when a complaint is amended to add a defendant, relation-back is inappropriate. The Supreme Court agreed in the Chiavon case. That's precisely the situation that we have here today. The plaintiff added the United States of America as a defendant, and therefore, relation-back should not apply. Likewise, several circuits have held that when a defendant is added in replacement of a DOE defendant, relation-back should not apply. The 1st, 2nd, 4th, 5th, 6th, 7th, and 11th circuits have all held this to be the case, with the 3rd circuit being the only circuit to disagree. Again, that's precisely the situation we have at present. The United States was added in the 3rd amended complaint to replace DOE number 72. All of this suggests that relation-back should not apply in the present case. Additionally, with relation-back not applying, the plaintiff has met all of the requirements of the FTCA and upholds the purposes of the FTCA generally, as well as the administrative exhaustion requirement. The plaintiff filed his last administrative claim on January 8th of 2007. So by July 9th of 2007, after not hearing a response for 6 months, his last administrative claim was constructively denied. Do the cases that you rely on – this is an odd case. It's kind of the opposite of what we usually get in the relation-back case. Do the cases that you're relying on, do they involve similar situation of exhausting administrative remedies? Well, Your Honor, there are several cases that do address this specific factual scenario. The district court relied on Boatwright v. Chippie. However, this is unpersuasive. There are several cases of equal persuasive value that have held the exact opposite. Well, but the case, the string of cases that you just gave us, do they, are they situations like this involving an exhaustion? No, Your Honor. The circuit cases were not situations involving exhaustion of administrative remedies. Boatwright, however, did address exhaustion of administrative remedies. The district court relied on it. It was a case out of the northern district of Georgia. However, we can see other cases, for example, the Mancha case out of the southern district of Georgia that holds quite the opposite. Additionally, as we notified the court through 28J letter, a more local and more recent decision, the Bears case, Bears v. U.S., was recently decided in the northern district of California. There, the court specifically rejected Boatwright and held that to require a plaintiff to file a completely new claim rather than allowing them to institute an FTCA claim through amendment is wastefully formalistic. And again, that's precisely what we see here. It is wastefully formalistic to require a plaintiff to file a new claim rather than allowing him to institute an action through an amendment of his complaint. The FTCA nowhere requires that a new claim is filed. It simply says that an action must be instituted after administrative exhaustion. The McNeil case defined instituted as the invocation of the judicial process. And with respect to the United States of America, the judicial process was not invoked until the third amended complaint when a claim was first made against the United States and an FTCA claim was first made. Because the precedent supports not applying relation back in this, and because the purpose of the FTCA to allow plaintiffs to have their claims against the United States heard, and the purpose of the administrative exhaustion requirement to take burden off the courts, relation back should not be applied in this case, and the motion to dismiss should be overturned. Now I'd like to turn to the Yolo County claims. The plaintiff has adequately pled a Monell claim in this case. Under Monell, municipalities are persons under Section 1983 and thus can be sued under the Civil Rights Act. Monell additionally held that suing a municipal official in his official capacity is another acceptable way to plead a Monell claim, assuming that the constitutional violation was the result of a policy or custom of the municipality. That's precisely what the plaintiff has done in this case. He brought suit against Mr. Lown in his official capacity as a way of bringing a Monell claim against Yolo County itself, because the constitutional violation was the result of a policy in the Yolo County Public Defender's Office of inadequate training and lack of supervision. This court- How can you get judgment against the county without naming the county? Under Monell, suing a- Let me see, I know your theory, but the county has not had an opportunity to defend. The person's only been named and doesn't specify the capacity.  That is not conserved, correct? No, Your Honor. In order for a Monell claim to be valid, the county itself must be on notice. This was clarified in Brandon v. Holt. And in this case, Yolo County was on notice. Yolo County conceded that they were on notice of the claims. Well, they knew the claim existed, but they didn't know the claim existed against them in terms of a Monell defense. I mean, the Monell defense may be completely different from the defense of the individual. In this case, because the constitutional violation was the result of a policy or custom and not just the result of the bad acts of an individual, the defense would be the same. Monell specifically forbids respondeat superior type liability, so we cannot rely on the wrongdoing of an individual defendant. We're talking specifically about the inadequacy of the training put on by Yolo County. So let's assume that the case remains in the present posture and judgment is entered against the official. How is that a judgment against the county? Under Monell, a judgment against an individual in his official capacity qualifies as a... So when you execute against the individual, how do you get judgment against the county? When an individual is sued in their official capacity, it's a suit against Yolo County. I guess I'm probably not being clear with my question. Let's assume you get judgment against the individual and you want to execute on it. You can't execute against the county, can you? Well, in this situation, it would be the county who would pay the damages in the case. So essentially, the claim is against Yolo County itself. Since we are bringing suit against Mr. Lown in his official capacity, he would not be individually responsible for any damages. This court clarified in Gibson versus City of Washoe that in order to adequately plead a Monell claim, it must be shown that there was a constitutional violation, that a policy or custom of the county was the moving force behind the violation, and that there was a deliberate indifference. The plaintiff has adequately pled each of these three prongs, and there are certainly issues of material fact that remain. We're not asking for an extraordinary result here. We would argue that plenty has been pled to overcome a motion for summary judgment. The plaintiff has pled that his Sixth and Fourteenth Amendment rights were violated. As a result of receiving ineffective assistance of counsel from the Yolo County Public Defender's Office. And this was a result of a policy in the Public Defender's Office of inadequate training. Under the Board of County Commissioners versus Brown, the court held that failure to train can be a basis for Monell liability. Specifically, training over time to multiple employees can be appropriately characterized as a policy. Here, Professor Smith stated in his declaration that he gave several lectures, trainings to Yolo County public defenders on immigration consequences. However, he made very clear that further consultation with the Immigration Law Clinic would be required in order for public defenders to be adequately able to represent individual defendants with possible immigration consequences. Lastly, to prove deliberate indifference, the inadequacy in the training must have been obvious. Here, Professor Smith stated in his declaration that he wanted to leave a strong message with the Yolo County Public Defender's Office that further consultation would be required. He also stated in his declaration that he spoke with Mr. Melton on several occasions about the importance of doing further consultation in addition to the seminars that he gave. This makes the inadequacy of the training alone clearly obvious, which qualifies as deliberate indifference. With that, I'd like to reserve my remaining time for rebuttal. Can I just take you back for a minute to the Federal claim? Yes. I'm not quite sure I understand what the nature of the Federal Tort Claims Act claim is. The plaintiff brought suit under the Federal Tort Claims Act. Yeah. What was the what Federal negligence was there? While the plaintiff was in Federal immigration custody, he failed to receive his medications for a lengthy period of time. Specifically, we have alleged that Federal officials who were responsible for transferring documents, including medical records. Okay, he was on medication while he was in custody. Yes. All right. Yes, Your Honor. Thank you. May it please the Court. My name is Kelsey Brown Corcoran. I'm here on behalf of the United States, and I will be splitting oral argument time with Ms. Donato, who represents the local defendants. We offer two arguments in our brief, independent arguments for affirming the dismissal of the FTCA claim. I'm happy to talk about both, but I'll start with the administrative exhaustion problem. Plaintiff's counsel essentially concedes that there's no textual basis for their position that Rule 15c does not apply here. I must say, I tend to agree with Judge Breyer's assessment that your position is wastefully formalistic. Well, I think. Let me parse that for a minute. Let's assume for the sake of argument that, in fact, he had filed an independent suit after exhausting, all right? Yes. And then let's assume that that case had been consolidated with this case, which would have been likely to happen, correct? Then there's no problem, is there? I think it's probably true that in this case there would have been consolidation and the outcome would have been the same. But that doesn't mean there isn't value in bright-line rules, and that wouldn't necessarily be the case if we were in a different scenario. And so the appropriate procedural posture here would have been to file the separate FTCA suit and then decide whether consolidation is appropriate, not to add to that. Would the United States have opposed consolidation on a case that was factually identical? I think not. But, again, just because that's true. So here we have a district court that's faced with the choice of saying, I mean, what we could do is send it back and say, let's bifurcate the case, then reconsolidate it and take care of the relation back problem, right? Why? Because the district court has the power to bifurcate the case, correct? I think you would still have the administrative exhaustion problem because you're talking about it. I think not. And we haven't taken a position on that. But I just do want to make clear, if you were to adopt the plaintiff's position here, it would be one that would apply to all cases. In some of those cases, consolidation If you adopted the plaintiff's position here, it would apply to all cases. All plaintiffs would be allowed to amend their complaint to add FTCA claims here, and you wouldn't have the opportunity to consider whether consolidation was appropriate. That's the correct procedural posture here. I'm afraid I don't understand the global implications that you seem to think exist. I mean, the only time it exists is when you have a Bivens claim and you're under a statute. In this case, he's got a one-year statute of limitations. He's got to file the Bivens claim. He's not sure who to file. So he pursues his Bivens claim and the FTC claim at the same time. If I'm representing him, I'm thinking, well, I've got a one-year Bivens action. I've got to get my tort claim exhausted, too. I can understand why an attorney, much less a pro se, would say, look, I'm going to pursue all avenues to preserve my rights. Your position is if he exhausts the remedy and files a Bivens claim, then at the end of the day, it's what the result is, everything gets dismissed. Yeah. I want to be clear. In this case, plaintiff was on notice long before the period to file the separate FTCA complaint had passed. So this is not a case where the plaintiff has been trapped later on. The United States Department of Justice sent a letter. No, no, I'm talking about generically, because you were saying this hasn't been clear. Right. I just wanted to be clear that here the plaintiff was not in any corner where he had to amend his complaint to add the FTCA claims on. There was no problem with him filing a separate complaint. And in fact, the government put him on notice that he needed to do that. But to speak more generally where this might be a problem, you can imagine a case where the Bivens suit has gone on, where there's been discovery, and that it would be difficult to bring the United States in as a party at that point. So if we're talking about a motion to consolidate, we would be looking at those issues. But the United States could always solve that by opposing the motion to amend. The motion to amend the complaint on that ground. Sure. Yeah, I mean, if on that ground. So then the district court can assess whether the damage has been done in the United States' interest. And I don't see the problem particularly. Well, I think just again, procedure matters, bright-line rules matter. It's cleaner to have a separate suit. And going back to Rule 15. I don't see a bright-line rule issue here at all on Relation Back. Relation Back is in the option of the district court. Yeah. And the plaintiff has said that there is no textual base, or has conceded, I think, that there is no textual basis for the position that Rule 15c doesn't apply here. They make a number of policy arguments that have been repeatedly rejected by the Supreme Court. In fact, most of those policy arguments can be found in Schiavone v. Fortune, a Supreme Court decision where they describe all these policy arguments and then conclude that none of them justify applying Rule 15c in a way that's plaintiff-friendly as opposed to applying it to its plain text. The John Doe argument that they made or that they make has no application when you're talking about the United States. All of those cases they're referring to, the defendant is not the United States. Rule 15c-2 is clear that when the United States is the party being added to the complaint, all you need is notice to the Attorney General or the U.S. Attorney, and there's no question that that is satisfied here. So I don't see how you can get around the Supreme Court cases and adopt a non-textual approach. Nobody has considered in this particular context before on the appellate level. This specific issue is an issue of first impression, but it would certainly go contrary to the Supreme Court cases to adopt an interpretation of relation back that's not anchored in the text. May I switch topics? Yes. Because I know our time is getting short. I don't quite understand why the agency denied the administrative appeal on the basis that there was a prior pending action. Sorry? The agency denied the administrative appeal saying you already have a lawsuit and therefore we're denying your administrative appeal. Yeah. I don't think that's being challenged. No. The point is if that's the agency position. Yeah. So the agency position is you have a prior Bivens action and therefore we're going to deny your administrative claim, but you're resisting the Bivens action and so forth because it's unexhausted. It seems to me completely contradictory. Well, I think it's important to remember here that the Bivens, although the United States was not officially added to as a party until the third amended complaint. As plaintiff concedes, they substituted the United States for a John Doe, and so in that sense, the United States was always a party. There were also a number of State law claims that were asserted against the individual defendants that could only be asserted against the United States, and the government put the plaintiff on notice that they would substitute the United States if those claims were not taken out of the complaint. So at all points, the United States was involved in this case. So why is it completely circular to say if you're denying the administrative claim because you have a prior pending lawsuit and you're fighting the lawsuit because you have an exhaustive administrative remedy, so what real remedy is there for the plaintiff in that circumstance? Well, they could have filed the Bivens complaint and then filed a separate FTCA complaint, or they could have. Right, but you denied the FTCC administrative claim on the basis that there was a prior Bivens claim pending. Yes, but at that point, the FTCA claim had already been added to the complaint, so the United States was already – sorry, I just said that incorrectly, didn't I? At that point, it was clear that the United States was at least involved in the case as a John or as the – with regard to the State law claims. I'm not sure that that's the – I know that's the position that was offered in the letter. I can't say for certain that that's the position that the government always takes. I only have my time's up. I wanted to – Can I just ask you a question with respect to the argument, failure to state a claim? Yeah. What's the – what should we look to in gaining authority? Yeah, I think it's important. On pages 7 and 8 of the Plaintiff's Reply Brief, a certain number of allegations that they claim support the medical claim against the United States. The Court can look at the complaint and see that none of these allegations actually appear anywhere in the complaint. There's reference to November 15th through 19th. Those dates aren't anywhere in the complaint. In fact, paragraph 42 is clear that the allegations regarding the medical claim are from April through July of 2005. There was a transportation claim in the complaint, but it had to do with the government's failure to transport the plaintiff to his hearings. It had nothing to do with medical care. I just – I don't want to get into my co-counsel's time, but paragraph 21 of the complaint is the only paragraph that actually refers to medical paperwork, which is the basis of the claim against the United States. And that paragraph refers to dose 51 through 60. They are not the basis of the FTCA cause of action. And plaintiffs were on – or plaintiff was on notice that this was a problem, and then when they submitted their Fourth Amendment complaint, still did not incorporate those dose into the FTCA claim. So there's no question that – to the extent that there are dose in that paragraph having to do with medical paperwork, that they're not Federal actors here. Thank you. Good morning. My name is Susan DiNardo. I'm appearing on behalf of Appellees Donald Lowne and Richard Van Sant in this case.  First, I just wanted to highlight the fact that there is no Section 1983 claim alleged in the seventh cause of action in the Fourth Amendment complaint. And I'd like to emphasize that this was the Fourth Amendment complaint, so the appellant has had plenty of time to amend this complaint. Also, as has been stated, the county of Yolo has not been named as a defendant in this case. The appellant has tried to argue that there was an incorporation paragraph that basically put a Section 1983 cause of action into that seventh cause of action, but that's not true. There's a general introductory paragraph that talks about the whole complaint. And if that were the case, then we would have the Eighth Amendment and various other amendments that were in that introductory paragraph. I also would like to point out that there were Section 1983 claims and other causes of action that were dismissed. I forget the number of the causes of action in the Fourth Amendment complaint, but for example, there was an Eighth Amendment claim under Section 1983, and it's actually clearly set forth in those captions. Secondly, I'd like to point out that there, the allegations alleged and deal with counsel that is acting or practicing in his position as an attorney defending a client. So we don't have Richard Van Sant or Donald Lowne acting as a state actor. Again, therefore, there's no Section 1983 claim. Here, Richard Van Sant and Donald Lowne were acting in their traditional role representing a client in a criminal case. As to the discussion with respect to Monell, I think as Appellant's counsel said, there is no respondeat superior liability under Monell, which is exactly what they're trying to do. There's no allegation that Richard Van Sant created policy or custom on behalf of a county or that Donald Lowne created policy or custom on behalf of a county. In fact, the district court found that there was no, that Donald Lowne committed no constitutional violation, that there was no issue of fact with respect to that. And the Appellant concedes that, but says that if this were to go back, were reversed, and we get to trial, then they would want to amend and name the county. And I would just say at this point, they've had plenty of opportunity to name the county, and they haven't done so, and they haven't named defendants who have acted on behalf of the county in creating a policy or custom. Finally, there may be an issue of whether this is procedurally before the court has made a decision, and whether it's procedurally before the court has made a decision   think it's procedurally before the court has made a decision on whether to do so. I think in Miranda v. Clark County, the Appellant had already overturned this conviction, and I don't think that there might be a requirement that the Appellant's criminal case have ended favorably before reaching this point. With that, if you have any questions, otherwise I submit. Thank you. Roberts. Thank you. Your Honors, to apply relation back in this case would be to deny a plaintiff a proper opportunity to have his claims heard in court. While there may be no clear textual basis in Rule 15 for the idea that relation back should be not, should not be applied in this case, the Supreme Court, in cases such as Conley v. Gibson, has made clear that Federal rules should be construed such that cases can be heard on their merits, and that we should not create, we should not turn pleading into a game of skill in which one misstep could be fatal to a case. The appellee here has said that a bright-line rule is important, and in a bright-line rule it can be helpful. And here we could still have a bright-line rule. The bright-line rule could be that relation back should not apply when a complaint is amended to add an FTCA claim. That's a perfectly clear rule and the rule that should apply in this case. The Government says that you haven't alleged a claim. What is your position with respect to that? Your Honor, we have alleged a claim here. As I mentioned earlier, we have alleged that Federal officials failed to provide medications necessary, failed to transfer documentation relating to medication. This does appear in the Third Amendment complaint. Who are these Federal officials? In the complaint, they appear as DOE defendants, unnamed Federal officials, that were responsible for the transferring of medical records and instructions on providing medication. This appears in the Third Amendment complaint in the 21st and 22nd paragraph, and it can also be seen in the 12th cause of action in the Fourth Amendment complaint on page 337 of the excerpts of record. We have clearly alleged that unnamed Federal officials failed to transfer medical records, transfer instructions for providing medication, which led to the violation of the plaintiff's constitutional rights. Again, I urge the Court to look at the precedent that does exist here, to look at the Bears case, which found requiring a plaintiff to file a new claim would be And you can also look at one of the only actually controlling cases in this case is Rhodes v. Robinson, decided recently by this Court. And while that did not deal with an FTCA claim, it dealt with a claim under the Prison Litigation Reform Act. There, they allowed a plaintiff to amend a complaint after exhausting administrative remedies under the PLRA, specifically because they said amending a complaint erases the prior complaint. It's as if the prior complaint doesn't exist. I'd like to move to the Yolo County claims. Here, again, the appellee continually states that Yolo County has not been named, but Yolo County is not required to be named in order to plead a Monell claim. How do you respond to the allegation that there's no section 1983 action alleged in the Fourth Amendment complaint? In the Fourth Amendment complaint, plaintiff clearly makes claims under the Federal Constitution, where claims are made under California statute. Can you tell me about the Seventh Cause of Action? Pardon me? The Seventh Cause of Action. Yes, Your Honor. The Seventh Cause of Action says you're filing under Civil Code section 521B. How are we to construe that's under a Federal statute? 521B was in reference to actions brought against Mr. Lown in his personal capacity. But under official capacity, it's clear, in spite of the heading on that Seventh Cause of Action, that a claim was brought under the Federal Constitution. It's clearly a 1983 cause of action. Additionally In the Sixth Cause of Action, you say California Civil Code 51.2B and 42 U.S.C. section 1983, but you don't say that in the Seventh Cause of Action. So how are we to imply that you meant to include a 1983 action? Your Honor, it should be clear from the content of the pleadings that this is a claim under the Federal Constitution and a Monell cause of action. The appellee also argues that Lown was not a state actor in this case and that he did not create policy. However, these things are not required in order to plead a proper Monell claim. All that is required is state action. Again, respondeat superior liability is not proper under Monell. If it were, then it would be required to plead that Lown was the lone wrongdoer or that Lown himself created policy. However, under a Monell claim, we're looking at a policy or custom of the county as opposed to individual wrongdoing on the part of Mr. Lown. Part of the policy that existed here was lack of supervision, and Mr. Lown was a supervisor for Mr. Van Zandt, who represented the plaintiff. He states himself in testimony during the hearing. He was asked, were you a supervisor of Mr. Van Zandt? He said yes. Were you a supervisor at the time? He said yes, I was. All right, you have, you're in the red. Okay, thank you. Thank you. The case, just to argue, is submitted for decision. We thank the counsel and the participation of the law students.
judges: Schroeder, Thomas, Gould